OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

September 14, 2001

The Honorable Bill G. Carter
Chair, House Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0410

Re: Whether an emergency communication district may expend funds for an item that is not "attributable to designing a 9-1-1 system and to all equipment and personnel necessary to establish and operate a public safety answering point and other related answering points" (RQ-0365-JC)

Dear Representative Carter:

"Allowable operating expenses of" an emergency communication district (a "district") "include all costs attributable to designing" a system to process 9-1-1 calls "and to all equipment and personnel necessary to establish and operate a public safety answering point and other" necessary related answering points. TEX. HEALTH & SAFETY CODE ANN. §§ 772.117, .217, .317 (Vernon 1992). You ask whether a district may expend funds for purposes other than those listed as an allowable expense.[1] While the term "include" indicates that this list of allowable expenses is not exclusive, it encompasses only items of the same kind or class as those expressly listed. *See* TEX. GOV'T CODE ANN. § 311.005 (13) (Vernon 1998); *Harris County v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978). We thus conclude that a district may expend funds for a purpose other than one listed, but that the item must be of the same kind or class as those listed. You do not indicate any particular expense that a district may be interested in, and we do not determine whether a particular expense is an allowable expense under the statute.

A district is created and governed by chapter 772 of the Health and Safety Code. Whether a particular district is subject to subchapter B, C, D, E, or F of chapter 772 depends generally upon the size of the county in which the district is located. A district located in a county with a population greater than two million and certain territory adjacent to that county typically is subject to subchapter B. *See* TEX. HEALTH & SAFETY CODE ANN. § 772.104 (Vernon 1992). A district in a county with a population greater than 860,000 generally is subject to subchapter C. *See id.* § 772.204. A district in a county with a population greater than 20,000 or covering two or more contiguous counties, each

---

[1] Letter from Honorable Bill G. Carter, Texas State Representative, to Honorable John Cornyn, Texas Attorney General (Mar. 8, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

of which has a population of 20,000 or more, generally is subject to subchapter D. *See id.* § 772.304 (Vernon Supp. 2001). For the purposes of this opinion, the statutes governing districts created under subchapters B, C, and D are identical. And a district composed of two or more districts that have consolidated under chapter 772, subchapter F, *see id.* ch. 772, subch. F, is "governed by the provisions of this chapter that governed the most populous of the districts before the consolidation." *Id.* § 772.455. Because you question the allowable expenditures of a district, we do not address allowable expenditures for a county that provides 9-1-1 service under chapter 772, subchapter E. *See* Request Letter, *supra* note 1, at 1. Under chapter 772, subchapter E, a county with a population of more than 1.5 million may implement a 9-1-1 system for unincorporated areas of the county without creating a district. *See id.* §§ 772.402, .403 (Vernon 1992 & Supp. 2001). Subchapter E does not provide for creating a district, but rather provides a means by which a county may cover areas of its county that are not within a district. Consequently, we analyze the issue you raise in terms of subchapters B, C, and D only.

By adopting the 9-1-1 Emergency Number Act, chapter 772, subchapter B of the Health and Safety Code, the Emergency Communication District Act, chapter 772, subchapter C of the Health and Safety Code, and the Emergency Telephone Number Act, chapter 772, subchapter D of the Health and Safety Code, the legislature intended to encourage local governments to create districts "to establish the number 9-1-1 as the primary emergency telephone number . . . and to encourage" the development and improvement of "emergency communication procedures and facilities" so that a "person calling the telephone number 9-1-1 seeking police, fire, medical, rescue, and other emergency services" receives a quick response. TEX. HEALTH & SAFETY CODE ANN. §§ 772.102, .202, .302 (Vernon 1992); *see id.* §§ 772.101, .201, .301. A subchapter B, C, and D district "shall provide 9-1-1 service to" each public agency that consented to receive 9-1-1 service from the district through various technologies, and once a district is created, each individual telephone subscriber in the district must receive 9-1-1 service. *Id.* §§ 772.110(a), (e), .210(a), (e), .310(a), (e) (Vernon Supp. 2001); *see also id.* § 772.001(8) (defining "participating jurisdiction"). In addition to establishing a service whereby any person may dial 9-1-1 and request emergency aid, the district must ensure that its 9-1-1 system can transmit the request to the appropriate service provider for the place where the call originates. *See id.* §§ 772.112(a), .212(a), .312(a) (Vernon 1992). The district may receive federal, state, county, or municipal funds or private funds "and may spend those funds for the purpose of" the subchapter governing the district. *Id.* §§ 772.113(b), .213(b), .313(b). The district also may impose and collect a 9-1-1 emergency service fee on each person that is provided local exchange access lines, "or its equivalent," in the district. *See id.* §§ 772.114, .115, .214, .215, .314, .315 (Vernon Supp. 2001) (governing imposition and collection of fee); *id.* § 772.001(17) (Vernon Supp. 2001) (defining "service user"). Under sections 772.117, 772.217, and 772.317, a district's allowable operating expenses are limited:

> Allowable operating expenses of a district include all costs attributable to designing a 9-1-1 system and to all equipment and personnel necessary to establish and operate a public safety

> answering point and other related answering points that the board [of managers] considers necessary.

*Id.* §§ 772.117, .217, .317 (Vernon 1992). Apparently focusing on this statutory limitation on allowable operating expenses, you ask whether a district is "allowed to expend funds . . . for purposes other than the design of the system, establishment and operation of public safety answering points and the administration fee to the service supplier." Request Letter, *supra* note 1, at 1.

A district may expend funds for operating expenses other than those specifically listed in sections 772.117, 772.217, and 772.317 of the Health and Safety Code. Each of these sections clearly state that a district's allowable operating expenses "include" certain items. TEX. HEALTH & SAFETY CODE ANN. §§ 772.117, .217, .317 (Vernon 1992). The term "include" is a "term of enlargement" that does not limit a set to listed items, and a statute's "use of the term[] does not create a presumption that components not expressed are excluded." TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998); *see also* BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 287 (1987) (discussing "include"); BLACK'S LAW DICTIONARY 766 (7th ed. 1999) (defining "include").

But to be allowable under the statute, an operating expense must be like those items explicitly listed as allowable. The term "include" signifies an "illustrative" list. BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 287 (1987) (quoting *Puerto Rico Maritime Shipping Auth. v. I.C.C.*, 645 F.2d 1102, 1112 n.26 (D.C. Cir. 1981)). Additionally, under doctrines such as *ejusdem generis*, we construe allowable operating expenses to include expenses "of the same kind or class as the ones expressly mentioned." *Eaton*, 573 S.W.2d at 179; *cf.* BLACK'S LAW DICTIONARY 535 (7th ed. 1999) (defining "*ejusdem generis*"). *Ejusdem generis* is a rule of construction under which general words that follow specific words in a statutory enumeration "are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 47.17 (6th ed. 2000) (footnote omitted); *see also id.* § 47.18 (stating that rule of *ejusdem generis* is "merely a rule of construction" and is applicable only where legislative intent is unclear). Where a specific enumeration follows a general term, the doctrine is equally applicable and restricts the meaning of the general term to things like those listed. *Id.* § 47.17.

In our opinion, the items specifically listed as allowable operating expenses include only items related to a 9-1-1 system by which a person in need of emergency assistance may communicate that need to the district and by which the district may respond quickly. This interpretation comports with the overall statutory context, which is aimed primarily at establishing 9-1-1 services and 9-1-1 systems. *See, e.g.,* TEX. HEALTH & SAFETY CODE ANN. §§ 772.102, .110, .112, .202, .210, .212, .302, .310, .312 (Vernon 1992 & Supp. 2001). Neither section 772.113(b), section 772.213(b), nor section 772.313(b) authorizes a district to expend funds for an item that is not allowable under sections 772.117, 772.217, or 772.317. A district may expend funds received

from federal, state, county, or municipal funds or private funds only "for the purposes of [the] subchapter" governing the district. TEX. HEALTH & SAFETY CODE ANN. §§ 772.113(b), .213(b), .313(b) (Vernon 1992). The purposes of these subchapters, as we have explained, is to provide a means by which a person in the county can, by dialing 9-1-1, request emergency help and by which the district quickly responds to a legitimate request.

# S U M M A R Y

Under sections 772.117, 772.217, and 772.317 of the Health and Safety Code, an emergency communication district may expend funds for an item other than an item "attributable to designing a 9-1-1 system and to all equipment and personnel necessary to establish and operate a public safety answering point and other related answering points." *See* TEX. HEALTH & SAFETY CODE ANN. §§ 772.117, .217, .317 (Vernon 1992). To be an allowable operating expense, the expenditure must relate to a 9-1-1 system by which a person in need of emergency assistance may communicate that need to the district and by which the district may respond quickly.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee